Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Theodora Wilson Orr;<br><br>  Plaintiff,<br><br>v.<br><br>Zenco Collections LLC; and Federal Pacific Credit Company, LLC;<br><br>  Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. INTRODUCTION

1.  Plaintiff brings this action for damages resulting from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, Fair Credit Reporting Act ("FCRA"), and / or the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), 28 U.S.C. § 1331, 15 U.S.C. § 1681p (FCRA), *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiff Theodora Wilson Orr (hereinafter "Plaintiff" or "Orr") is a natural person residing in the Maricopa County, Arizona.

4. Orr allegedly owes a debt which was incurred for personal, family or household purposes.

5. Defendant Zenco Collections LLC ("Zenco") is an Texas limited liability company.

6. Zenco collects or attempts to collect debts which have been assigned after default.

7. Zenco is a "debt collector" as that term is defined by FDCPA § 1692a(6).

8. Defendant Federal Pacific Credit Company, LLC ("Federal Pacific") is an Utah limited liability company.

9. Federal Pacific collects or attempts to collect debts which it claims to have purchased or been assigned after default.

10. Federal Pacific is a "debt collector" as that term is defined by FDCPA § 1692a(6).

11. Federal Pacific is a furnisher of information as contemplated by FCRA

§1681s-2(a) & (b), who furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## IV.  FACTUAL ALLEGATIONS

12. Plaintiff purchased a used vehicle in June 2009 for personal, household and family purposes.

13. The purchase was financed through a loan with AFS Acceptance LLC (hereinafter "AFS"), a finance company.

14. In January 2010, Plaintiff's financial circumstances changed, and she was unable to continue making payments to AFS on the vehicle.

15. As a result, in January 2010, Plaintiff voluntarily returned the vehicle to AFS.

16. Upon information and belief, AFS sold the vehicle for less than what was owed, and claimed that a deficiency balance owed by Plaintiff.

17. Federal Pacific claims to have purchased the AFS account in or about 2014, and is now trying to collect alleged deficiency from Plaintiff.

18. Federal Pacific also hired Zenco to assist it in collecting the AFS debt from Plaintiff.

19. In April or May 2016, Plaintiff began receiving phone calls from Zenco to her home and to her cellular phone.

20. Upon information and belief, Zenco telephoned Plaintiff on her cellular phone using an automated dialing system demanding payment on the AFS and Federal Pacific account.

21. At the time Zenco telephoned Plaintiff, she had not expressly given Zenco permission to contact her on her cellular phone.

22. In May 2016, Plaintiff received a telephone call from a collector with Zenco who gave her name as Ms. Shepard.

23. During this call Ms. Shepard told Plaintiff that she was trying to collect a debt for $18,000 owed to Federal Pacific for a Ford Focus that was voluntarily surrendered in January 2010.

24. During this call, Ms. Shepard also told Plaintiff that an officer of the court would serve her with papers, and that Plaintiff would most likely lose the case because they have all the paperwork from the loan.

25. Not recognizing the debt or the company Zenco, Plaintiff asked Ms. Shepard if she could provide the contract and the signature page, but Ms. Shepard told Plaintiff that it was in the hands of the attorney and therefore Plaintiff could not see the paperwork.

26. Ms. Shepard offered to settle the debt for $8,000, but also told Plaintiff that if she did not make a deal that very minute, the deal would be off the table.

27. Plaintiff refused to agree to pay Zenco the $8,000 settlement.

28. Shortly thereafter, Plaintiff received another call Zenco, this time from a collector named Ms. Van.

29. Ms. Van told Plaintiff that her account had already been placed with its lawyers because Ms. Shepard had noted that Plaintiff had refused to pay the account.

30. On June 2, 2016, Ms. Van called Plaintiff again and told her that she had now received the account paperwork from AFS as Plaintiff had requested, and that she could settle the account for Plaintiff's payment of $4,000 if paid by the end of June.

- 4 -

31. Plaintiff told Ms. Van that she needed some time to discuss the settlement offer with her husband and would need to call Ms. Van back.

32. But, Ms. Van told Plaintiff that if the call was disconnected the deal would be void, and that legal action would proceed.

33. Ms. Van again told Plaintiff that she had the paperwork and that it had Plaintiff's signature.

34. Ms. Van also told Plaintiff that she was surprised that she got the paperwork since the account had already been sent to the lawyers.

35. Ms. Van stressed to Plaintiff that if the legal action proceeded, there would be judgments, property liens, and wage garnishment taken against Plaintiff.

36. Because of the numerous threats, and especially worried that her husband's home would have a lien placed on it, Plaintiff placed her hand over the phone, so as not to hang up, and discussed the threats and settlement with her husband.

37. Because of the above mentioned threats made by Zenco's collectors, including threats of judgments, garnishments, and liens placed on her property, Plaintiff felt she had no choice, and therefore agreed to pay Zenco the $4,000 settlement offer.

38. Plaintiff gave Ms. Van her bank account information in order for Zenco to process the $4,000 payment at the end of the June.

39. However, after hanging up with Zenco, Plaintiff learned that Zenco regularly uses these false threats of property liens, legal action, and garnishment in order to coerce debtors into paying debts which may not

- 5 -

|   |     |                                                                                                       |
|---|-----|-------------------------------------------------------------------------------------------------------|
|   |     | be owed, or which may be time-barred and beyond the statute of limitations. |
|   | 40. | Plaintiff also learned that Federal Pacific's alleged claim on the AFS account was stale and time-barred for legal action. |
|   | 41. | Later that day, Zenco sent Plaintiff a letter dated June 2, 2016 concerning the AFS account. (Copy attached as Exhibit A). |
|   | 42. | This letter is the first written communication from Zenco to Plaintiff. |
|   | 43. | In the letter, Zenco states that the balance owing on the AFS account is $8,844.00. |
|   | 44. | On or about April 26, 2016, Plaintiff had obtained a copy of her Trans Union credit report. |
|   | 45. | The Trans Union credit report reflected a tradeline reported by Federal Pacific. |
|   | 46. | Plaintiff filed a dispute with Trans Union concerning the Federal Pacific tradeline. |
|   | 47. | Upon information and belief, Trans Union contacted Federal Pacific concerning Plaintiff's dispute. |
|   | 48. | Upon information and belief, Federal Pacific updated its tradeline with Trans Union and verified that the information reported was accurate. |
|   | 49. | On or about May 12, 2016, Plaintiff received a response back from Trans Union. |
|   | 50. | The response showed that the Federal Pacific tradeline had been updated, showing a balance owing of $18,626. |
|   | 51. | The report also reflected that the date of first delinquency was in or about January 2010, as reported by Federal Pacific to Trans Union. |
|   | 52. | As a result of Defendants' actions as outlined above, Plaintiff has |

suffered damages including, but not limited to, worry, fear, sleeplessness, embarrassment, humiliation, anxiety, invasion of privacy, and other extreme emotional distress.

53. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of Defendants' persistent and routine practice of debt collection.

54. In the alternative, Defendants' actions were negligent.

## V. CAUSES OF ACTION

### Count 1. Fair Debt Collection Practices Act
### (Against Zenco and Federal Pacific)

55. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

56. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

57. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### Count 2.  Fair Credit Reporting Act
### (Negligent Noncompliance with FCRA)
### (Against Federal Pacific)

58. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

59. Defendant Federal Pacific failed to conduct a reasonable investigation of Plaintiff's dispute received from Trans Union concerning its reporting of the AFS account, and has otherwise failed to comport with

the requirements of FCRA § 1681s-2(b).

60. As a result of Defendant Federal Pacific's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury.

61. Plaintiff requests costs and attorney fees pursuant to 15 U.S.C. §1681*o*(a).

## Count 3.  Fair Credit Reporting Act
## (Willful Noncompliance with FCRA)
## (Against Federal Pacific)

62. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

63. Defendant Federal Pacific willfully failed to conduct a reasonable investigation of Plaintiff's dispute received from Trans Union concerning its reporting the AFS account, and has otherwise failed to comport with FCRA § 1681s-2(b).

64. As a result of Defendant Federal Pacific's actions, Plaintiff has suffered, and continues to suffer, actual damages for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

65. Plaintiff requests costs and attorney fees pursuant to 15 U.S.C. §1681n(a).

**Count IV.  Telephone Consumer Protection Act of 1991**

**(Against Zenco)**

66. The TCPA regulates, among other things, the use of automated telephone dialing systems.

67. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

68. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an "automatic telephone dialing systems" ("ATDS") or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

69. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

70. At all times relevant to this complaint, Defendant Zenco has used, controlled, and/or operated ATDS as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

71. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden

> will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted)

72. The Seventh Circuit has ruled that due to the Hobbs Act, the FCC Order cannot be challenged in the District Courts. *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443 (7th Cir. Ill. 2010).

73. Within the past four years, Defendant Zenco has attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes.

74. Within four years immediately preceding the filing of this lawsuit, Defendant Zenco and its employees or agents have repeatedly and willfully placed calls to Plaintiff's personal cellular telephone numbers in an effort to collect this debt.

75. Without Plaintiff's prior express consent, Defendant and its collectors and agents repeatedly used an ATDS to call Plaintiff's cellular telephone in an attempt to collect this debt.

76. All calls and messages were made in willful violation of the TCPA because Defendant Zenco never obtained the Plaintiff's prior express consent, and had no basis to believe that it had the Plaintiff's prior express consent.

77. Plaintiff has never given Defendant Zenco or its collectors express

permission to call her cellular telephone number.

78. Defendant Zenco's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

79. Within the four year period immediately preceding this action, Defendant Zenco made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

80. The acts and or omissions of Defendant Zenco at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

81. Defendant Zenco did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

82. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

83. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

84. Plaintiff is entitled to injunctive relief prohibiting Defendant Zenco from contacting the Plaintiff on his cellular telephones using an

automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a)   Actual damages to be determined by the jury;

b)   Punitive damages to be determined by the jury;

c)   Statutory damages;

d)   Costs and reasonable attorney's fees; and

e)   Such other relief as may be just and proper.


DATED   August 29, 2016  .


                                    s/ Floyd W. Bybee
                                    Floyd W. Bybee, #012651
                                    **BYBEE LAW CENTER, PLC**
                                    90 S. Kyrene Rd., Ste. 5
                                    Chandler, AZ 85226-4687
                                    Office: (480) 756-8822
                                    Fax: (480) 302-4186
                                    floyd@bybeelaw.com

                                    Attorney for Plaintiff